### KITSON v. BLAKE.

### SAME v. BLAKE et al.

*(Supreme Court, General Term, Second Department.  May 11, 1891.)*

JUDGMENT BY DEFAULT—SETTING ASIDE.

A judgment upon an inquest taken by default will not be set aside upon the motion of defendants, upon the ground of their enforced absence, and that of their attorney, at the trial of an action, in an adjacent city, where it appears that there was ample time for said attorney and defendants to reach the court before the calling of such case, after the close of said trial elsewhere, and that the managing clerk of defendants' attorney, himself a lawyer, was present at the session of such court on the day of trial, and, instead of notifying defendants of the impending trial, waited until the case was called, announced that the defense was ready for trial, and then objected to the constitution of the jury.

Appeal from special term, Westchester county.

Actions by Thomas Kitson—one against Sarah Frances Blake, and the other against Frederick D. Blake and Charles Waterman—on promissory notes executed by the defendants. The defendants in each case appeal from an order denying their motions to set aside the inquests, and judgments

therein taken by default. The principal ground of the motions in the court below was the alleged inability of the defendants' attorney to be present on the day when the verdict was taken. He alleged that he was then engaged in a trial in New York city, at which defendants, his clients, were present, which ended shortly after 3 o'clock in the afternoon, after which it appeared that there was ample time and opportunity to reach White Plains, the place of trial of these actions, before the case was called at a quarter past 5 o'clock of the same afternoon. The managing clerk of defendants' attorney, himself a lawyer, was present at the session of the court at White Plains, and could have telephoned to the defendants to attend the impending trial; but instead of doing so waited until the case was called, declared defendants ready for trial, and then objected to the constitution of the jury; which objection was overruled, and a judgment entered upon the inquest.

Argued before BARNARD, P. J., and PRATT, J.

*C. Bainbridge Smith,* for appellants. *Carlisle Norwood,* for respondents.

PRATT, J. These are motions to set aside inquests taken at a circuit court held in Westchester county. It is evident, from an examination of the papers on this appeal, that there was no merit in the defense, and that the whole effort of the defendant was to secure delay. Not only does it appear that the notes sued upon were given for a valid consideration, but liability had been conceded by the defendant. If the counsel for the defendant had exercised due diligence, he could have reached the court at White Plains at the time the case was called for trial. He was represented, however, and what took place must be regarded as a trial. It does not appear that there was not a legal panel of jurors present to try one of the cases when called; besides, no challenge was made that was sufficient to raise that question. The plaintiff was in no way in fault for the absence of defendants' witnesses, and no motion was made to postpone on the ground of absence of witnesses. In one case there was no appearance at the circuit, and default and inquest were duly taken. Such being the case, it was incumbent in that case to show merits, which was not done. We do not think there was any irregularity in either case sufficient to warrant the granting of the motions; neither do we think there is any merit in the defense in either action. Order affirmed, with costs.